UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
B.G., a minor, by her mother and guardian,
MARCIA GUILLEN, MARCIA GUILLEN, individually, and
BRITTANY GUILLEN,

                           Plaintiffs,

            -against-

CITY OF NEW YORK,
POLICE OFFICER #1, POLICE OFFICER #2,
POLICE OFFICER #3, POLICE OFFIER #4 and
POLICER OFFICER #5
(the actual names of the individuals listed herein are not
yet determined),

                        Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Docket No. _____

**13 CV 0616**

**JUDGE FORREST**

## INTRODUCTION

1.     This is an action to recover money damages for general, special and punitive damages, including damages for personal injuries, pain and suffering, mental anguish, shame, humiliation, injury to reputation and loss of earnings suffered by Plaintiffs B.G., a minor, by her mother and guardian, Marcia Guillen, Marcia Guillen, individually, and Brittany Guillen, as a result of the willful, wanton, malicious, reckless, careless and negligent conduct of Defendant City of New York and its agents, servants and/or employees, including, jointly and individually, Defendants Police Officers #1, #2, #3, #4 and #5, whose identities are not yet known to plaintiffs, in violation of plaintiffs' constitutional and civil rights under the Fourth and Fourteenth Amendments of the United States Constitution, under USCA §§ 1983, et seq., and for false arrest, false imprisonment, failure to supervise and trespass and under the laws of the State of New York.

2.     Upon information and belief, the Plaintiffs allege the following:

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 42 U.S.C. 1981 and 28 U.S.C. §§ 1343 and 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of New York.

## THE PARTIES

### Plaintiffs

5. Plaintiff B.G. was a resident of the County of Bronx, City and State of New York.

6. Plaintiff Marcia Guillen was a resident of the County of Bronx, City and State of New York.

7. Plaintiff Brittany Guillen was a resident of the County of Bronx, City and State of New York.

8. Plaintiff Marcia Guillen is the mother of Plaintiffs B.G. and Brittany Guillen, and the guardian of Plaintiff B.G., a minor.

9. Plaintiff B.G. was born in 1997.

10. Plaintiff Brittany Guillen was born in 1992

11. Plaintiff Marcia Guillen was born in 1964.

### Defendants

12. Defendant City of New York ("Defendant") was and still is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York.

13. At all relevant times herein, Defendant maintained a police force entitled the New York City Police Department (the "NYPD").

14. Upon information and belief, and at all relevant times herein, Defendant and the NYPD employed the five police officers referenced above whose identities are not yet known to Plaintiffs, and are herein referred to as Defendants Police Officer #1, Police Officer #2, Police Officer #3, Police Officer #4 and Police Officer #5 (the "Police Officers").

15. Upon information and belief, and at all relevant times herein, the Police Officers were acting within the course and scope of their employment with Defendant and the NYPD.

## NOTICE OF CLAIM

16. On December 16, 2011, prior to the commencement of this action, and within the time prescribed by New York State law, a sworn Notice of Claim, stating, among other things, the time and place where plaintiffs suffered damages, together with plaintiffs' demand for adjustment thereof, was duly served upon the Defendant. Thereafter, Defendant has refused or neglected for more than thirty days, and up to the commencement of this action, to make any adjustment or payment thereof. Thereafter, plaintiffs commenced this action within the time provided by New York State law.

17. On March 27, 2012, Defendant conducted statutory hearings pursuant to section 50-h of the General Municipal Law of the State of New York at the office of an attorney for Defendant.

18. Plaintiffs have complied with all conditions precedent under the laws of the State of New York to bring this action, including the filing of a notice of claim. Plaintiffs have commenced this action within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

## FACTUAL BACKGROUND

19. On November 17, 2011, plaintiffs lawfully resided in an apartment in the Bronx, New York (the "Apartment").

20. At approximately 5:50 a.m., on November 17, 2011, the Police Officers forcibly gained entry into Plaintiffs' Apartment.

21. The Police Officers awoke plaintiffs and forcibly removed each plaintiff from her bed.

22. The Police Officers arrested plaintiffs by placing each plaintiff in handcuffs.

23. For approximately 2 hours, each plaintiff remained in the Apartment, consciously confided and restrained in handcuffs.

24. While each plaintiff remained restrained in handcuffs, the Police Officers repeatedly yelled, hollered and shouted profanities at plaintiffs.

25. While plaintiffs were restrained in handcuffs, the Police Officers pushed, shoved and grabbed plaintiffs.

26. The Police Officers undertook a search and raid of plaintiffs' Apartment without consent.

27. The Police Officers acted without consent or privilege to arrest, confine and detain plaintiffs.

28. The Police Officers acted individually and in concert.

## COUNT ONE
(42 U.S.C. §1983, et. seq.)

29. Plaintiffs repeat, reiterate and reallege each and every allegation set forth above in paragraphs 1 through 28, inclusive, with the same force and effect as if more fully set forth herein.

30. Acting in violation of 42 U.S.C. §1983, et. seq., defendants deprived plaintiffs of their constitutional and civil rights secured under the Fourth Amendment of the United States Constitution, including plaintiffs' right to be free from unreasonable searches and detention.

31. The aforesaid acts of defendants caused each plaintiff to sustain damages, including discomfort, inconvenience, mental anguish, shame, humiliation, punishment and injury to their reputation, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

32. By reason of the foregoing, plaintiffs have sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

33. Pursuant to 42 U.S.C. §1988(b), plaintiffs are entitled to a reasonable allowance for attorneys' fees as part of their costs.

## COUNT TWO
(42 U.S.C. §1983, et. seq.)

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 33, inclusive, with the same force and effect as if more fully set forth herein.

35. Acting in violation of 42 U.S.C. §1983, et. seq., defendants deprived plaintiffs of their constitutional and civil rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, including plaintiffs' right to be free from excessive force.

36. The aforesaid acts of defendants caused each plaintiff to sustain damages, including discomfort, inconvenience, mental anguish, shame, humiliation, punishment and injury to their reputation, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

37. By reason of the foregoing, plaintiffs have sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

38. Pursuant to 42 U.S.C. §1988(b), plaintiffs are entitled to a reasonable allowance for attorneys' fees as part of their costs.

## COUNT THREE
### (False Arrest and False Imprisonment)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 38, inclusive, with the same force and effect as if more fully set forth herein.

40. Defendants falsely arrested and falsely imprisoned plaintiffs without plaintiffs' consent or privilege to do so.

41. The aforesaid acts of defendants caused each plaintiff to consciously sustain mental anguish, shame, humiliation, punishment, injury to their reputation and other damages, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

42. By reason of the foregoing, plaintiffs have sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

## COUNT FOUR
### (Negligent Supervision)

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 42, inclusive, with the same force and effect as if more fully set forth herein.

44. Defendant City of New York was negligent in hiring, training and supervising Defendant Police Officers who were careless, negligent and unskillful, and who did not possess

the requisite knowledge, skill, character and competence to discharge their duties as members of the NYPD.

46. 45. By reason of the aforesaid negligent and careless conduct, each plaintiff sustained mental anguish, shame, humiliation, punishment, injury to their reputation and other damages, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

46. By reason of the foregoing, plaintiffs have sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

## COUNT FIVE
(Trespass)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 46, inclusive, with the same force and effect as if more fully set forth herein.

48. Defendants committed a trespass of the Apartment without justification or plaintiffs' permission to do so.

49. The aforesaid acts of defendants caused each plaintiff to sustain damages, including discomfort, inconvenience, mental anguish, shame, humiliation, punishment and injury to their reputation, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

50. By reason of the foregoing, plaintiffs have sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

WHEREFORE, Plaintiffs, B.G., a minor, by her mother and guardian, Marcia Guillen, Marcia Guillen, individually, and Brittany Guillen, demand judgment against Defendants, City of New York, and Police Officers #1, #2, #3, #4 and #5, as more fully set forth

above, in the First, Second, Third, Fourth and Fifth Causes of Action, in such an amount of compensatory damages as a jury may award, and the for the costs of this action.

### JURY DEMAND

Plaintiffs, B.G., a minor, by her mother and guardian, Marcia Guillen, Marcia Guillen, individually, and Brittany Guillen, hereby demand a trial by jury of all issues set forth above.

Dated: White Plains, New York
       January 28, 2013

ALEGRIA & BAROVICK LLP

By: _____
Anselmo A. Alegria, Esq.
Attorneys for Plaintiffs
245 Main Street, Suite 410
White Plains, NY 10601
Office: (914) 761-1133